**No. 61319.**—The Dynamo Tulle Importing Co., Inc., and H. W. Robinson Air Freight Corp. et al. *v.* United States, protests 300535–K, etc. (New York).

Opinion by Ford, J.  In accordance with stipulation of counsel that the merchandise consists of silk malines similar in all material respects to those the subject of *Elvic Import Corp.* v. *United States* (38 Cust. Ct. 13, C. D. 1837), the claim of the plaintiffs was sustained.

**No. 61320.**—The Dynamo Tulle Importing Co., Inc., and H. W. Robinson Air Freight Corp. *v.* United States, protest 308796–K (New York).

Opinion by Ford, J.  In accordance with stipulation of counsel that the merchandise consists of silk malines similar in all material respects to those the subject of *Elvic Import Corp.* v. *United States* (38 Cust. Ct. 13, C. D. 1837), the claim of the plaintiffs was sustained.

**No. 61321.**—James G. Wiley *v* United States, protests 306832–K, etc. (Los Angeles).

Opinion by Ford, J.  The protests were dismissed for lack of prosecution.

Before the Third Division, November 6, 1957

**No. 61322.**—R. J. Saunders & Co., Inc. *v.* United States, protest 320080–K (New York).

Opinion by Johnson, J.  It was stipulated that the collector's supplemental letter, on file with the papers, and the documents referred to therein be received in evidence and that the protest be submitted for decision.  An examination of said supplemental letter showing that the certificate of exportation was subsequently filed and that had the collector been in possession of this document at the time of liquidation, free entry would have been granted, the claim of the plaintiff was sustained.